IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

CHRISTOPHER JACKSON                                                                   PLAINTIFF

vs.                                            Civil No. 2:20-cv-02154

ANDREW SAUL                                                                           DEFENDANT
Commissioner, Social Security Administration

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Christopher Jackson ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2009), the Honorable P. K. Holmes, III referred this case to this Court for the purpose of making a report and recommendation. In accordance with that referral, and after reviewing the arguments in this case, this Court recommends Plaintiff's case be **AFFIRMED.**

**1.   Background:**

Plaintiff protectively filed his disability application on January 4, 2018. (Tr. 10).[1] In this application, Plaintiff alleges being disabled due to diabetes and mental issues. (Tr. 209). Plaintiff initially alleged an onset date of August 17, 1997, but he later amended that alleged onset date to January 4, 2018. (Tr. 10, 289). This application was denied initially and again upon

---

[1] References to the Transcript will be (Tr.___) and refer to the document filed at ECF No. 13-2. These references are to the page number of the transcript itself, not the ECF page number.

reconsideration. (Tr. 86-104). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 36-85).

Plaintiff's administrative hearing was held on June 12, 2019 in Fort Smith, Arkansas. (Tr. 36-85). At this hearing, Plaintiff was present and was represented by Laura McKinnon. *Id.* Plaintiff, a witness for Plaintiff, and Vocational Expert ("VE") Jim B. Spragins testified at this hearing. *Id.*

On November 15, 2019, the ALJ entered an unfavorable decision denying Plaintiff's disability application. (Tr. 7-29). In this decision, the ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since January 4, 2018, his application date. (Tr. 12, Finding 1). The ALJ found Plaintiff had the following severe impairments: diabetes I, diabetic retinopathy with macular edema in both eyes, blindness in his right eye, depression and bipolar, peripheral neuropathy, impulse control, antisocial personality disorder, adjustment disorder with mixed emotional disturbance, and post-traumatic stress disorder. (Tr. 12-13, Finding 2). Despite being severe, the ALJ determined those impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 13-14, Finding 3).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his Residual Functional Capacity ("RFC"). (Tr. 14-22, Finding 4). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform the following:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except the claimant is able to occasionally interact with supervisors and co-workers but have no contact with the public other than superficial contact; because the claimant can only see light and dark with his right

eye, he will require large print and must avoid situations in which things come towards him from the right side.

*Id.*

The ALJ determined Plaintiff was thirty-two (32) years old, which is defined as a "younger person" under 20 C.F.R. § 416.963(c) (2008). (Tr. 22, Finding 6). As for his education, the ALJ determined Plaintiff had a limited education and was able to communicate in English. (Tr. 22, Finding 7).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW") and determined Plaintiff was unable to perform any PRW. (Tr. 22, Finding 5). The ALJ also considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy, considering his age, education, work experience, and RFC. (Tr. 22-23, Finding 9). The VE testified at the administrative hearing regarding this issue. *Id.*

Considering this testimony, the ALJ determined Plaintiff retained the capacity to perform representative occupations such as plastics molding tender with 117,000 such jobs in the nation; laundry worker with 172,800 such jobs in the nation; and laundry sorter with 8,700 such jobs in the nation. (Tr. 23). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from January 4, 2018 through the date of her decision or through November 15, 2019. (Tr. 23, Finding 10).

Thereafter, Plaintiff requested the Appeals Council's review of the ALJ's decision. On June 22, 2020, the Appeals Council denied this request for review. (Tr. 1-6). On August 26, 2020, Plaintiff filed the present appeal. ECF No. 1. Both Parties have filed appeal briefs. ECF Nos. 15-16. This case is now ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's

findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g) (2010); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). If there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that

significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

3. **Discussion:**

In his appeal brief, Plaintiff raises three arguments for reversal: (A) the ALJ erred by failing to fully and fairly develop the record; (B) the ALJ improperly evaluated his credibility; and (C) the ALJ erred in his Step Five determination. ECF No. 15 at 1-22. The Court will address these three arguments for reversal.

    A. **Record Development**

Plaintiff claims the ALJ erred in developing the record in his case. ECF No. 15 at 6-11. In making this argument, Plaintiff first claims a "determination of a claimant's residual functional capacity must be based on medical evidence from a treating or examining physician." ECF No. 15 at 7. This statement is simply incorrect. The Eighth Circuit has repeatedly stated that there is no requirement that an RFC finding be supported by a specific medical opinion. *See, e.g., Hensley v. Colvin,* 829 F.3d 926, 932 (8th Cir. 2016). Indeed, a claimant's medical records themselves can provide sufficient support for an ALJ's RFC assessment. *See id.*

5

Second, Plaintiff argues the "ALJ erred by not ordering an additional consultative examination." ECF No. 15 at 9. The decision not to order an additional consultative examination was squarely within the ALJ's discretion. *See Martise v. Astrue,* 641 F.3d 909, 926-27 (8th Cir. 2011). Furthermore, Plaintiff's counsel acknowledged to the ALJ at the beginning of the hearing that she had reviewed the records included in Plaintiff's file, confirmed she had no objection to admitting these records into evidence, and elected not to request an additional consultative examination or any further development of the evidence. (Tr. 38-39).

Third, Plaintiff claims the ALJ erred by not ruling on Plaintiff's request to reopen his prior case. ECF No. 15 at 9-10. The Court finds no basis for reversal on this issue. There is no demonstration that Plaintiff expressly requested this case be reopened. (Tr. 289). Plaintiff also only alleges being disabled as of January 1, 2018, the date his *current* application was filed. (Tr. 86, 290). Finally, the decision of whether or not to reopen a prior claim is one of agency discretion and is generally not subject to review under 42 U.S.C. § 405(g). *See Hammonds v. Brown,* 870 F.2d 446, 448 (8th Cir. 1989).

Fourth, Plaintiff claims the record is simply not sufficiently developed. ECF No. 15 at 6-11. Plaintiff is correct that the ALJ owes a duty to the claimant to develop the record fully and fairly to ensure that sufficient facts support her decision. *See Stormo v. Barnhart,* 377 F.3d 801, 806 (8th Cir. 2004). An ALJ, however, is only required to develop a reasonably complete record that contains sufficient evidence to make an informed decision. *See Haley v. Massanari,* 258 F.3d 742, 748 (8th Cir. 2001). Here, the record is 897 pages and certainly appears to be "reasonably complete." Furthermore, this Court can only remand an action if there has been a demonstration of prejudice or unfairness. *See Onstad v. Shalala,* 999 F.2d 1232, 1234 (8th Cir. 1993)

(recognizing "absent unfairness or prejudice, we will not remand"). Here, there has been no such demonstration; as such, the case should not be reversed and remanded on this ground.

### B. Credibility Determination

Plaintiff claims the ALJ erred in evaluating the credibility of his subjective complaints. ECF No. 15 at 11-18. In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th

Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

Upon review, the Court finds the ALJ's evaluation of Plaintiff's subjective complaints is supported by substantial evidence and should be entitled to deference. Indeed, the ALJ fully considered Plaintiff's medical records and noted several inconsistencies between his subjective complaints and the record, including the following: "[t]he residual functional capacity assessment is supported by the claimant's own testimony as to his activities of daily living, i.e., walking or riding his bicycle everywhere he needed to go, which was inconsistent with disabling neuropathic pain." (Tr. 21). In accordance with these findings, and others contained in the record, there is no basis for reversal on this issue. *See Guilliams v. Barnhart,* 393 F.3d 798, 801 (8th Cir. 2005) (deference to the ALJ's credibility determination is warranted if the determination is supported by good reasons and substantial evidence).

### C. Step Five Determination

Plaintiff argues the ALJ erred at Step Five of the Analysis. ECF No. 15 at 18-22. In making this argument, Plaintiff is essentially re-arguing that the ALJ erred in assessing his RFC. *Id.* Upon review, the Court finds no basis for reversing the ALJ's RFC determination. Plaintiff merely offers conclusory assertions that the ALJ should have included additional limitations regarding diabetes-related breaks, manipulative activities, vision, and standing and walking. The Court need not adopt these alleged limitations. *See, e.g., Trenary v. Bowen,* 898 F.2d 1361, 1364 (8th Cir. 1990). *See also Dunahoo v. Apfel,* 241 F.3d 1033, 1039-40 (8th Cir. 2001).

Furthermore, upon review of the ALJ's hypothetical to the VE, the Court finds it contains the impairments and resulting limitations as supported by substantial evidence and the record. Thus, there is no basis for reversal on this issue. *See Stormo,* 377 F.3d at 808-09 (recognizing a hypothetical need only include those impairments that are consistent with the record as a whole and which the ALJ reasonably accepts as true).

4. **Conclusion**:

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and recommends it be **AFFIRMED**

**The Parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The Parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.** *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

**ENTERED this 16th day of April 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE